12/15/2014 4:53:36 PM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-14-005223

CAUSE NO. D-1-GN-14-005223

| | |
|---|---|
| SETON FAMILY OF HOSPITALS d/b/a Daughters of Charity Health Service of Austin and d/b/a Dell Children's Medical Center and d/b/a Seton Medical Center Williamson and d/b/a Seton Medical Center Austin and d/b/a Seton Medical Center Hays and d/b/a Seton Edgar B. Davis Hospital and d/b/a Seton Highland Lakes Hospital and d/b/a Seton Northwest Hospital and d/b/a Seton Pflugerville Healthcare Center and d/b/a University Medical Center Brackenridge and d/b/a Seton Smithville Regional Hospital and d/b/a Seton Southwest Hospital,<br><br>Claimant(s),<br><br>v.<br><br>HUMANA INSURANCE COMPANY and HUMANA INSURANCE COMPANY f/k/a EMPLOYERS HEALTH INSURANCE COMPANY,<br><br>Respondents. | IN THE 200TH<br><br><br><br><br><br><br><br>JUDICIAL DISTRICT<br><br><br><br><br><br>TRAVIS COUNTY, TEXAS |

## SETON FAMILY OF HOSPITALS' ORIGINAL PETITION

COMES NOW, Seton Family of Hospitals (hereinafter referred to as "Seton"), Plaintiff in the above-styled action and files this Original Petition and complains of Humana Insurance Company and Employers Health Insurance Company (collectively referred to herein as "Humana") for violations of the Texas Prompt Pay Act and Breach of Contract and would respectfully show the Court the following:

### DISCOVERY PLAN

1. Discovery in this case should be conducted under Level 3, Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

EXHIBIT C

1

**PARTIES**

2.	Seton is a Texas non-profit corporation licensed as a hospital in the State of Texas. Seton's principal place of business is in Austin, Travis County, Texas. Seton operates acute-care hospitals in and around the surrounding area.

3.	Humana Insurance Company f/k/a Employers Health Insurance Company is a corporation doing business in Texas. Humana Insurance Company can be served by serving Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

4.	Jurisdiction is proper in the District Court of Travis County, Texas because the amount in controversy exceeds the minimal jurisdictional limits of this Court and the exercise of this Court's jurisdiction over Defendant is proper.

5.	Venue is appropriate in the District Court of Travis County, Texas is because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County, Texas. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

**BACKGROUND FACTS**

6.	Seton's cause of action arises out of Humana's failure to timely pay the amounts owed to Seton for services rendered to patients insured by Humana.[1]

7.	For each date of service and patient listed, Seton rendered medically necessary services to the patient. At the time of service, the patient was insured by Humana. At the time of service, Seton was contracted with Humana to provide services to its members.

---

[1] Seton will produce a detailed claims list to Humana, which will include claim specific information relating to each alleged violation.

2

8. Pursuant to the terms of the contract, Seton submitted claims to Humana for payment in a timely manner. The claims were submitted electronically. The claims included all of the required information, as set forth in Title 28, Section 21.2803 of the Texas Administrative Code.

9. Although Humana approved the claims at issue, Humana failed to pay in a timely manner, as required by the Texas Prompt Pay Act, Sections 1301.103 and 843.338 of the Texas Insurance Code. None of the claims at issue were denied; Humana merely failed to approve and promptly pay the claims, as required by the Texas Prompt Pay Act.

10. As a result of Humana failure to pay Seton's claims timely, as required by the Texas Prompt Pay Act, Humana owe hospital the amounts set forth in Section 1301.137 and 843.342 of the Texas Prompt Pay Act.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE TEXAS PROMPT PAY ACT,**</u>
<u>**SECTION 1301.101, *et seq*, OF THE TEXAS INSURANCE CODE**</u>

11. Seton incorporates by reference the preceding paragraphs.

12. Section 1301.101, *et seq* of the Texas Insurance Code requires prompt payments of clean clams submitted by providers. Upon submission of an electronic clean claim, an insurer has thirty (30) days to either pay the claim in full, deny the claim, or deny the claim in part and pay the claim in part. *See* TEX. INS. CODE § 1301.103.

13. If an insurer fails to pay the claim in full, deny the claim, or deny the claim in part and pay the claim in part, within thirty (30) days from the date that the electronic clean claim is submitted, then the insurer is liable for penalties to the hospital. *See* TEX. INS. CODE § 1301.137.



3

14. In each of the claims at issue, Seton submitted a clean claim, including submitting all documentation required by Title 28, Section 21.2803 of the Texas Administrative Code.

15. Humana failed to meet any of the obligations under the Texas Prompt Pay Act by failing to approve and pay the claim within thirty (30) days of the submission of the clean claims.

16. Humana's failure to timely pay these claims has resulted in a violation of Sections 1301.137 of the Texas Insurance Code. Seton seeks penalties, as authorized by the Texas Prompt Pay Act.[2]

### COUNT II
### VIOLATION OF THE TEXAS PROMPT PAY ACT,
### SECTION 843.336, *et seq*, OF THE TEXAS INSURANCE CODE

17. Seton incorporates by reference the preceding paragraphs.

18. Sections 843.336, *et seq* of the Texas Insurance Code requires prompt payments of clean clams submitted by providers. Upon submission of an electronic clean claim, an insurer has thirty (30) days to either pay the claim in full, deny the claim, or deny the claim in part and pay the claim in part. *See* TEX. INS. CODE § 843.338.

19. If an insurer fails to pay the claim in full, deny the claim, or deny the claim in part and pay the claim in part, within thirty (30) days from the date that the electronic clean claim is submitted, then the insurer is liable for penalties to the hospital. *See* TEX. INS. CODE § 843.342.

20. In each of the claims at issue, Seton submitted a clean claim, including submitting all documentation required by Section 843.336 of the Texas Insurance Code and Title 28, Section 21.2803 of the Texas Administrative Code.

21. Humana failed to meet any of the obligations under the Texas Prompt Pay Act by failing to approve and pay the claim within thirty (30) days of the submission of the clean claims.

---

[2] A detailed list of the claims, including the calculation of penalties will be provided to Humana.

4

22.     Humana's failure to timely pay these claims has resulted in a violation of Section 843.338 of the Texas Insurance Code. Seton seeks penalties, as authorized by the Texas Prompt Pay Act.[3]

## COUNT III
## BREACH OF CONTRACT

23.     Seton incorporates by reference the preceding paragraphs.

24.     Seton and Humana are contracted entities. Pursuant to the terms of the contract, Seton agrees to provide services to Humana's members at a discounted rate, which is agreed upon by the parties.

25.     In exchange, Humana has agreed to promptly pay Seton for the services rendered, pursuant to all relevant laws and regulations, including the Texas Prompt Pay Act.

26.     Although Humana ultimately approved and paid the claims at issue, in full, Humana failed to promptly pay the claims, as required by the contract and the Texas Prompt Pay Act.

27.     Humana's failure to timely pay these claims has resulted in a breach of contract. Seton seeks penalties in the amount of $2,369,558.65 for Humana's failure to pay the claims at issue promptly.[4]

## DAMAGES SOUGHT

28.     Seton is seeking damages in excess of $1,000,000. At this time, Seton is seeking the amount of $2,369,558.65 for penalties and interest accrued under the Texas Prompt Pay Act. This amount is subject to change, based on penalties and interest that may accrue, as permitted by the Texas Prompt Pay Act.

---

[3] A detailed list of the claims, including the calculation of penalties have been provided to Humana.
[4] A detailed list of the claims, including the calculation of penalties have been provided to Humana.

## ATTORNEY'S FEES

29. Seton seeks reasonable and necessary Attorney's fees that have been incurred to bring this suit and seek penalties, as permitted by the Texas Prompt Pay Act Sections 1301.108 and 843.343 of the Texas Insurance Code.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Seton, respectfully requests the following:

(a) Damages against Humana in the amount of $2,369,558.65;

(b) Reasonable attorney's fees; and

(c) Any other relief that the Panel deems just, equitable, or proper.

Respectfully Submitted,

TUREK DEVORE, P.C.,

/s/ Jessica Guobadia
Douglas Turek
State Bar No. 00792882
dturek@turekdevore.com
Jessica Guobadia
State Bar No. 24069840
jguobadia@turekdevore.com
Erin Lowinske
State Bar No. 24090237
elowinske@turekdevore.com
25227 Grogans Mill Road, Suite 100A
The Woodlands, Texas 77380
(281) 296-6920
(281) 296-0733 (fax)

JG/pam
S:\TUREK DEVORE\CLIENTS\HOSPITAL LITIGATION\SETON FAMILY OF HOSPITALS.1019.00\PROMPT PAY FILES (GENERAL)\Humana.1019.19\xPOP_Humana Prompt Pay.001.docx
December 15, 2014



# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** Seton Family of Hospitals d/b/a et al. v. Humana Insurance Company, et al.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Jessica Guobadia
**Email:** jguobadia@turekdevore.com
**Address:** 25227 Grogans Mill Rd., Suite 100A
**Telephone:** (281) 296-6920
**City/State/Zip:** The Woodlands, Texas 77380
**Fax:** (281) 296-0733
**Signature:** /s/ JGuobadia
**State Bar No:** 24069840

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):** Seton Family of Hospitals

**Defendant(s)/Respondent(s):** Humana Insurance Co, et al

*[Attach additional page as necessary to list all parties]*

## Person or entity completing sheet is:
- [X] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

**Additional Parties in Child Support Case:**
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [X] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [X] Over $1,000,000

7

Rev 2/13

Case 1:15-cv-00145-LY   Document 1-3   Filed 02/20/15   Page 8 of 20

2/12/2015 4:51:28 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-14-005223

Cause No. D-1-GN-14-005223

| | | |
|---|---|---|
| SETON FAMILY OF HOSPITALS d/b/a Daughters of Charity Health Service of Austin and d/b/a Dell Children's Medical Center and d/b/a Seton Medical Center Williamson and d/b/a Seton Medical Center Austin and d/b/a Seton Medical Center Hays and d/b/a Seton Edgar B. Davis Hospital and d/b/a Seton Highland Lakes Hospital and d/b/a Seton Northwest Hospital and d/b/a Seton Pflugerville Healthcare Center and d/b/a University Medical Center Brackenridge and d/b/a Seton Smithville Regional Hospital and d/b/a Seton Southwest Hospital,<br><br>        Plaintiffs<br>v.<br><br>HUMANA INSURANCE COMPANY and HUMANA INSURANCE COMPANY f/k/a EMPLOYERS HEALTH INSURANCE COMPANY,<br>        Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE 200TH<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JUDICIAL DISTRICT<br><br><br><br><br><br>TRAVIS COUNTY, TEXAS |

## HUMANA INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Humana Insurance Company and Humana Insurance Company f/k/a Employers Health Insurance Company, reserving the right to file other and further pleadings, exceptions and denials, files this its Original Answer to the claims of Plaintiffs, SETON FAMILY OF HOSPITALS d/b/a Daughters of Charity Health Service of Austin and d/b/a Dell Children's Medical Center and d/b/a Seton Medical Center Williamson and d/b/a Seton Medical Center Austin and d/b/a Seton Medical Center Hays and d/b/a Seton Edgar B. Davis Hospital and d/b/a Seton Highland Lakes Hospital and d/b/a Seton Northwest Hospital and d/b/a Seton Pflugerville Healthcare Center and d/b/a University

Medical Center Brackendridge and d/b/a Seton Smithville Regional Hospital and d/b/a Seton Southwest Hospital.

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant invokes its right to generally deny each and every allegation contained in Plaintiffs' Original Petition, as well as any succeeding pleading filed by Plaintiffs, and upon this denial, demands that Plaintiffs prove all allegations by a preponderance of the evidence at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Humana Insurance Company and Humana Insurance Company f/k/a Employers Health Insurance Company, pray that it be dismissed from this cause and receive judgment for its cost of suit and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

PORTER, ROGERS, DAHLMAN & GORDON, P.C.
Trinity Plaza II
745 East Mulberry, Suite 600
San Antonio, Texas 78212
(210) 736-3900
(210) 736-1992 - Fax

By: _____
Richard G. Foster
rfoster@prdg.com
State Bar No. 07295100
Raj S. Aujla
State Bar No. 24064846
raujla@prdg.com

ATTORNEYS FOR DEFENDANT,
HUMANA INSURANCE COMPANY



## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause as indicated below in accordance with Rule 21a, Tex. R. Civ. P., on this 12th day of February, 2015.

**_Via Email_ dturek@turekdevore.com**
**_And Facsimile_ 281.296.0733**
Douglas Turek
Jessica Guobadia
Erin Lowinske
TUREK DEVORE, P.C.
25227 Grogans Mill Road, Suite 100A
The Woodlands, Texas 77380



Richard G. Foster



HUMANA INSURANCE COMPANY'S ORIGINAL ANSWER                                    Page 3

Cause No. D-1-GN-14-005223

| | | |
|---|---|---|
| SETON FAMILY OF HOSPITALS d/b/a Daughters of Charity Health Service of Austin and d/b/a Dell Children's Medical Center and d/b/a Seton Medical Center Williamson and d/b/a Seton Medical Center Austin and d/b/a Seton Medical Center Hays and d/b/a Seton Edgar B. Davis Hospital and d/b/a Seton Highland Lakes Hospital and d/b/a Seton Northwest Hospital and d/b/a Seton Pflugerville Healthcare Center and d/b/a University Medical Center Brackenridge and d/b/a Seton Smithville Regional Hospital and d/b/a Seton Southwest Hospital,<br><br>　　　　　Plaintiffs<br>v.<br><br>HUMANA INSURANCE COMPANY and HUMANA INSURANCE COMPANY f/k/a EMPLOYERS HEALTH INSURANCE COMPANY,<br>　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE 200TH<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JUDICIAL DISTRICT<br><br><br><br><br><br>TRAVIS COUNTY, TEXAS |

## DEFENDANT, HUMANA INSURANCE COMPANY'S AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Humana Insurance Company and Humana Insurance Company f/k/a Employers Health Insurance Company (collectively "HIC"), files this Amended Answer to the claims of Plaintiff, SETON FAMILY OF HOSPITALS d/b/a Daughters of Charity Health Service of Austin and d/b/a Dell Children's Medical Center and d/b/a Seton Medical Center Williamson and d/b/a Seton Medical Center Austin and d/b/a Seton Medical Center Hays and d/b/a Seton Edgar B. Davis Hospital and d/b/a Seton Highland Lakes Hospital and d/b/a Seton Northwest Hospital and d/b/a Seton Pflugerville Healthcare Center and d/b/a University Medical Center Brackenridge and d/b/a Seton Smithville Regional Hospital and d/b/a Seton Southwest Hospital ("Plaintiff").

I.

## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant, HIC invokes its right to generally deny each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein, and upon this denial, demands that Plaintiff prove each and every allegation beyond a preponderance of evidence at trial.

II.

## AMENDED ANSWER

1. With respect to paragraph 1 of Plaintiff's Original Petition, no answer is required of HIC.

2. HIC admits that (1) Seton is a Texas non-profit corporation licensed as a hospital in the State of Texas; (2) Seton's principal place of business is in Austin, Travis County, Texas; and (3) Seton operates acute-care hospitals in and around the surrounding area as alleged by Plaintiff in paragraph 2.

3. With respect to paragraph 3 of Plaintiff's Original Petition, HIC admits it is a corporation doing business in Texas authorized to do business as a life, accident and health company by the Department of Insurance in the state of Texas. HIC admits that it may be served through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78707.

4. HIC denies that jurisdiction in state court in Travis County is proper as alleged in paragraph 4 of Plaintiff's Original Petition and specifically asserts that jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1442(a)(1). Therefore, jurisdiction is proper in federal court, not the state district court, as alleged by Plaintiff.

5. HIC denies that venue in state court in Travis County is proper as alleged in paragraph 5 of Plaintiff's Original Petition and specifically asserts that venue is proper in the Western District of Texas, Austin Division.

6. HIC denies that it failed to timely pay amounts owed to Plaintiff for services rendered to patients insured by HIC as alleged in paragraph 6 of Plaintiff's Original Petition.

7. HIC lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 7 that for each date of service and patient listed, Plaintiff rendered medically necessary services to the patient. HIC further denies that it insured all patients at issue in this case. HIC admits that it entered into a contract with "Daughters of Charity Health Services of Austin" regarding the provision of medical services to HIC's member enrollees. However, HIC lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations that each entity listed by Plaintiff as a "d/b/a/" in Plaintiff's Original Petition is in contractual privity with HIC. HIC denies the remaining factual allegations and legal conclusions contained in paragraph 7.

8. HIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 regarding Plaintiff's alleged timely electronic submission of claims to HIC. HIC denies the remaining factual allegations and legal conclusions contained in paragraph 8.

9. HIC denies the factual allegations and legal conclusions contained in paragraph 9 of Plaintiff's Original Petition.

10. HIC denies the factual allegations and legal conclusions contained in paragraph 10 of Plaintiff's Original Petition.

11. No response is required to paragraph 11, an incorporation paragraph which

references no factual allegations which have not previously been addressed.

12. HIC admits the Section 1301.101, *et seq.* of the Texas Insurance Code ("Prompt Pay Act") requires prompt payment of certain clean claims submitted by providers as alleged in paragraph 12. HIC denies that the Prompt Pay Act applies to all claims at issue in this case. HIC further states that the statutory provisions of the Prompt Pay Act and applicable case law interpreting the Act set forth the requirements and deadlines which cannot be summarized adequately by Plaintiff's brief statement in its pleading.

13. HIC admits that Section 1301.137 of the Prompt Pay Act imposes penalties for failure to pay or deny certain clean claims submitted by providers within 30 days as alleged in paragraph 13 of Plaintiff's Original Petition. HIC denies that the Prompt Pay Act applies to all claims at issue in this case. HIC further states that the statutory provisions of the Prompt Pay Act and applicable case law interpreting the Act set forth the requirements and deadlines which cannot be summarized adequately by Plaintiff's brief statement in its pleading.

14. HIC denies the factual allegations and legal conclusions contained in paragraph 14 of Plaintiff's Original Petition.

15. HIC denies the factual allegations and legal conclusions contained in paragraph 15 of Plaintiff's Original Petition.

16. HIC denies the factual allegations and legal conclusions contained in paragraph 16 of Plaintiffs' Original Petition.

17. No response is required to paragraph 17, an incorporation paragraph which references no factual allegations which have not previously been addressed.

18. HIC admits the Section 843.336, *et seq.* of the Texas Insurance Code ("HMO

Prompt Pay Act") requires prompt payment of certain clean claims submitted by providers as alleged in paragraph 18. HIC denies that the HMO Prompt Pay Act applies to all claims at issue in this case. HIC further states that the statutory provisions of the HMO Prompt Pay Act and applicable case law interpreting the Act set forth the requirements and deadlines which cannot be summarized adequately by Plaintiff's brief statement in its pleading

19.  HIC admits that Section 843.342 of the HMO Prompt Pay Act imposes penalties for failure to pay or deny certain clean claims submitted by providers within 30 days as alleged in paragraph 19 of Plaintiff's Original Petition. HIC denies that the HMO Prompt Pay Act applies to all claims at issue in this case. HIC further states that the statutory provisions of the HMO Prompt Pay Act and applicable case law interpreting the Act set forth the requirements and deadlines which cannot be summarized adequately by Plaintiff's brief statement in its pleading.

20.  HIC denies the factual allegations and legal conclusions contained in paragraph 20 of Plaintiff's Original Petition.

21.  HIC denies the factual allegations and legal conclusions contained in paragraph 21 of Plaintiff's Original Petition.

22.  HIC denies the factual allegations and legal conclusions contained in paragraph 22 of Plaintiff's Original Petition.

23.  No response is required to paragraph 23, an incorporation paragraph which references no factual allegations which have not previously been addressed.

24.  HIC admits that it entered into a contract with "Daughters of Charity Health Services of Austin" regarding the provision of medical services to HIC's member enrollees. HIC states the contract's terms regarding payment of claims speak for themselves.

However, HIC lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations that each entity listed by Plaintiff as a "d/b/a/" in Plaintiff's Original Petition is in contractual privity with HIC. HIC denies the remaining allegations contained in paragraph 24.

25. HIC admits that its contract with "Daughters of Charity Health Services of Austin" contained payment obligations which required HIC to pay claims pursuant to the terms of that contract. HIC denies that it agreed to be bound by the Texas Prompt Pay Act as to all claims submitted by Plaintiff as alleged. HIC denies the remaining allegations contained in paragraph 25.

26. HIC denies the factual allegations and legal conclusions contained in paragraph 26 of Plaintiff's Original Petition.

27. HIC denies the factual allegations and legal conclusions contained in paragraph 27 of Plaintiff's Original Petition and specifically denies that Plaintiff is entitled to recovery of any damages from HIC as alleged.

28. HIC admits that Plaintiff alleges it is seeking damages in excess of $1,000,000. HIC denies that Plaintiff is entitled to recovery of any damages from HIC as alleged in paragraph 28 of Plaintiff's Original Petition.

29. HIC admits that Plaintiff seeks recovery of attorney's fees but denies that Plaintiff is entitled to recovery of such fees from HIC as alleged in paragraph 29 of Plaintiff's Original Petition.

30. HIC denies that Plaintiff is entitled to the relief sought contained in its prayer and HIC further denies that Plaintiff is entitled to any relief at all on the claims alleged in Plaintiff's Original Petition.

## III.

## **AFFIRMATIVE DEFENSES**

31. HIC asserts that Plaintiff has failed to state a claim against HIC upon which relief may granted.

32. HIC asserts the affirmative defense of preemption under Medicare Act, 42 U.S.C. §§ 1395w–101, *et seq.*, as Plaintiff seeks prompt pay penalties arising from claims related to HIC's Medicare members. Plaintiff's claims for prompt pay penalties arising from HIC's Medicare plans are expressly preempted by Medicare's expansive preemption provision codified at 42 U.S.C. § 1395w-26(b)(3).

33. HIC asserts the affirmative defense of preemption under FEHBA, 5 U.S.C. § 8901, *et seq.*, as Plaintiff's claims for prompt pay penalties arising from certain federal government employee health benefits plans are expressly preempted by FEHBA's expansive preemption provision codified at 5 U.S.C. §8902(m)(1).

34. HIC asserts the affirmative defense of preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et seq.* ("ERISA"). HIC specifically asserts that Plaintiff's claims for prompt pay penalties arising from self-funded and fully insured ERISA plans are expressly preempted by ERISA's expansive preemption provision codified at 29 U.S.C. § 1144(a) because the Prompt Pay Act impermissibly relates to an ERISA plan.

35. HIC also asserts that the Prompt Pay Act does not apply to Plaintiff's claims for prompt pay penalties arising from self-funded ERISA plans for which HIC does not insure or underwrite the benefits which are paid by the ERISA plan sponsor.

36. HIC further asserts that the Act does not apply to Plaintiff's claims for prompt

pay penalties arising from self-funded school, county or city plans for which HIC does not insure or underwrite the benefits which are paid by the plan sponsor. HIC further asserts that Plaintiff is not entitled to recovery of prompt pay penalties on claims arising from self-funded county and fully insured school district and church plans because such health plans are exempt from the Prompt Pay Act.

37. HIC also asserts that Plaintiff is not entitled to recover attorney's fees from HIC arising from prompt pay claims that are either preempted by applicable federal law, or to which the Act does not apply. To the extent Plaintiff can identify any claim that is not subject to federal preemption and to which the Act applies, Plaintiff should be required to segregate its attorney's fees attributable to such claim and only recover fees attributable to such claim, provided its claim for prompt pay penalties is meritorious, which HIC denies.

38. HIC asserts the affirmative defense of federal sovereign immunity to Plaintiff's prompt pay claims arising from Medicare and FEHBA health plans.

39. HIC asserts that it is not liable in the capacity in which it has been as to certain claims in this case because Plaintiff seeks recovery of prompt pay penalties on claims arising out of non-HIC health plans for which HIC was not the insurer and did not issue an insurance policy.

40. HIC asserts the defense of the statute of frauds to Plaintiff's claims and asserts that any alleged agreement or modification of an agreement not in writing are void and unenforceable.

41. HIC asserts the defense of lack of contractual privity to the extent Plaintiff seeks recovery of prompt pay penalties for entities which are not in contractual privity with HIC.

42. HIC asserts the defense of the statute of limitations as to Plaintiff's prompt

pay claims which are time barred under applicable Texas law.

43.  HIC asserts the affirmative defense of payment.

44.  Further answering herein, and in the alternative, HIC asserts the defenses of estoppel, ratification and waiver to the claims asserted by Plaintiff to the extent they may apply to the claims in this case.

45.  Further answering herein, and in the alternative, HIC pleads the affirmative defense of mitigation as Plaintiff has failed to mitigate its damages, if any, in connection with any alleged actions taken by HIC, if any.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Humana Insurance Company and Humana Insurance Company f/k/a Employers Health Insurance Company, pray that it be dismissed from this cause and receive judgment for its cost of suit and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

PORTER, ROGERS, DAHLMAN & GORDON, P.C.
Trinity Plaza II
745 East Mulberry, Suite 450
San Antonio, Texas 78212
(210) 736-3900
(210) 736-1992 - Fax

By: _____
Rick Foster
rfoster@prdg.com
State Bar No. 07295100
Raj Aujla
raujla@prdg.com
State Bar No. 24064846

**ATTORNEYS FOR DEFENDANT,
HUMANA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5(d), Federal Rules of Civil Procedure, on this 20th day of February, 2015.

**_Via Email dturek@turekdevore.com_**
Douglas Turek
Jessica Guobadia
Erin Lowinske
25227 Grogans Mill Road, Suite 1OOA
The Woodlands, Texas 77380

Richard G. Foster